FERGUSON v. HARLEM SAV. BANK.

(Supreme Court, Appellate Term.   February 28, 1905.)

SAVINGS BANK—PAYMENT ON FORGED SIGNATURE—LIABILITY.

On the issue whether a savings bank was liable for the withdrawal of a depositor's fund on a forged signature, it was shown that, when the payment was made, the person to whom it was made presented a draft, together with the depositor's passbook, and that the person answered the test questions correctly. An entry of withdrawal was made in the passbook. The depositor thereafter had possession of the book, and on six different occasions he personally made deposits, which were entered therein without an inquiry as to the meaning of the withdrawal entry. Held, that the bank, as a matter of law, was not liable; there being no evidence of want of reasonable care on its part.

[Ed. Note.—For cases in point, see vol. 6, Cent. Dig. Banks and Banking, §§ 1162–1168.]

Appeal from City Court of New York, Special Term.

Action by Alexander Ferguson aginst the Harlem Savings Bank From a judgment for defendant, plaintiff appeals. Affirmed.

See 86 N. Y. Supp. 825.

Argued before SCOTT, GIEGERICH, and McCALL, JJ.

Appell & Taylor, for appellant.
R. Mapelsden, for respondent.

McCALL, J. The defendant in this action is a savings bank, and the question involved in the litigation is whether the bank is responsible for the withdrawal of $300 of the plaintiff's funds deposited with defendant; he (plaintiff) contending that the signature given the bank was a forgery, and the withdrawal having been made by some person other than himself, and acting without his knowledge or authority. When the payment was made by the bank's officer, the party to whom it was made presented a draft together with plaintiff's bankbook. He was catechised by the cashier upon the basis of what are termed "test questions," and the proof shows that in every instance he responded correctly, answering each question as the plaintiff himself had replied to them when he opened his account. It is true that the cashier, on his examination during the trial, answered that when he asked the person presenting the draft, while testing him, what his occupation was, he replied, "Stone mason," while the reply given originally by the depositor to same question was "Stonecutter," but it is equally true that on page 22 of the record he swore that the reply the individual presenting the draft made to his inquiry was, "Stonecutter," showing clearly that, if there was a variance at all, it was simply due to a slip that is of no serious moment whatever. The essential element is that he did put these questions; that he did test the individual's right to get its money; that he "compared the answers the person made with the test questions in the signature book, and, on the answers he made, and my comparison of them with the signature book," he "paid the draft." On the other hand, we find this passbook after this withdrawal in the possession of the plaintiff, with this entry of withdrawal made therein, and on six different occasions thereafter we find him personally making deposits, each of which are entered in the passbook, and the same is returned to him; but not the slightest inquiry upon his part is made as to what that $300 entry meant, although it was there on the opposite page of the book, among other withdrawals which presumably had been made by this plaintiff. The judgment was a proper one, and there was nothing in the testimony that, either through variance or any other feature, would warrant the submission of the question whether ordinary care and diligence had been exercised by the bank authorities. That they had performed every duty the law exacted of them was too patent.

Judgment affirmed, with costs.

SCOTT, J., concurs. GIEGERICH, J., concurs in result.